IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2016

## STATE OF TENNESSEE v. DARRIAN WHITE

**Appeal from the Criminal Court for Shelby County**
**Nos. 11-02184, 11-02185, 11-03171, 11-05560     James C. Beasley, Jr., Judge**

_____

**No. W2015-01645-CCA-R3-CD  -  Filed February 12, 2016**

_____

The Appellant, Darrian White, appeals as of right from the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that he was released on bail prior to committing several offenses and that his sentences are illegal because the trial court ordered them to be served concurrently rather than consecutively. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Darrian White, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Appellant was indicted in March 2011 in three separate cases: Case Number 11-02184 for aggravated robbery with an offense date of December 14, 2010; Case Number 11-02185 for robbery with an offense date of December 15, 2010; and Case Number 11-03171 for robbery with an offense date of February 23, 2011. In July 2011, the Appellant was also indicted in Case Number 11-05560 for aggravated robbery with an offense date of November 15, 2010. On March 26, 2012, the Appellant pled guilty to all of the offenses. The trial court ordered the Appellant's sentences for the November and December 2010 offenses to be served concurrently but consecutively to his sentence for the February 2011 offense. The Appellant received a total effective sentence of eleven years and five months.

On June 10, 2015, the Appellant filed the instant Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant alleged that he had been released on bail for the November 15, 2010 offense when he committed the two December 2010 offenses. Therefore, the Appellant concluded, the trial court's order of concurrent sentences for these offenses was illegal. See Tenn. Code Ann. § 40-20-111(b). However, the trial court summarily denied the Appellant's motion for failure to state a colorable claim. The trial court noted that the judgment forms for the November and December 2010 offenses all stated that the Appellant was to receive pretrial jail credit from January 5, 2011 to January 6, 2011. The trial court concluded that this meant the Appellant was arrested for all three offenses at the same time in January 2011; therefore, he was not released on bail when he committed the December 2010 offenses.

This timely appeal followed with the Appellant raising the same argument he made in his Rule 36.1 motion and arguing that the trial court misconstrued the applicable offense dates. Rule 36.1 provides that either the defendant or the state may "seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. Rule 36.1 provides for appointment of counsel for indigent defendants and a hearing if the motion "states a colorable claim." Tenn. R. Crim. P. 36.1(b). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1" State v. James D. Wooden, __ S.W.3d __, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015).

"[A] sentence ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). However, "when determining whether a Rule 36.1 motion sufficiently states a colorable claim, a trial court may consult the record of the proceeding from which the allegedly illegal sentence emanated." Wooden, 2015 WL 7748034, at *6. Here, the trial court reviewed the judgment forms and discovered that the Appellant had been granted pretrial jail credits from January 5 to January 6, 2011, for the November and December 2010 offenses. The judgment form for the November 2010 offense does not list any pretrial jail credit before January 5, 2011. Accordingly, there is no evidence that the Appellant was arrested and released on bail for the November 2010 offense prior to committing the December 2010 offenses. Therefore, we affirm the trial court's conclusion that the motion failed to state a colorable claim and affirm its summary denial of the Rule 36.1 motion.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE